**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DARWIN L. STOKES, M50320,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **Case No. 24-cv-01242-SMY** |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **DOCTOR BECKER,** | ) | |
| **PHIL MARTIN, and** | ) | |
| **CHAD JENNINGS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Darwin L. Stokes, an inmate in the custody of the Illinois Department of
Corrections and currently incarcerated at Robinson Correctional Center, brings this action pursuant
to 42 U.S.C. § 1983 for constitutional deprivations stemming from the alleged denial of medical
care at Robinson. The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which
requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim
for relief, or seeks money damages from an immune defendant. *Id*.

### <u>The Complaint</u>

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 6-8): Plaintiff
suffered a fractured jaw, ruptured cervical disc, and two broken teeth during his arrest on
September 15, 2023. His injuries were documented at Will County Jail. He transferred to
Robinson before receiving any treatment. *Id*. at 6.

Plaintiff immediately reported his injuries to Health Care Unit (HCU) Administrator Phil
Martin. However, Martin explained that IDOC had no record of the injuries, and Robinson had
no doctor on staff. He told Plaintiff to just "deal with it." *Id*.

1

Plaintiff submitted sick call requests for treatment of these injuries.  At the time, Wexford Health Sources, Inc., provided medical staff and health care services at the prison.  Wexford had a strict sick call policy in place that required inmates to submit a written request for treatment of the same issue 3 times before a doctor could be consulted.  Once the initial sick call slip was submitted, an inmate would typically wait 3 to 6 weeks for an appointment with a nurse. If he required additional care, the prisoner was required to submit a second sick call request and wait another 3 to 6 weeks for an appointment with a nurse practitioner or physician's assistant.  If his symptoms persisted, the prisoner had to submit a third sick call slip and wait an additional 3 to 6 weeks for an appointment with a doctor.  Plaintiff followed each of these steps, but was never seen by a doctor, in person or by Zoom, because Robinson had none on staff.  Plaintiff complained about his untreated injuries and difficulties eating directly to Warden Chad Jennings, verbally and in writing, but the warden took no steps to help him secure care.  Plaintiff blames Wexford's policy for the denial and/or delay of treatment of his fractured jaw, ruptured cervical disc, and broken teeth. *Id*.

### **Preliminary Dismissals**

Plaintiff identifies Doctor Becker as a defendant in the Complaint but fails to mention this individual in the statement of his claim.  Merely invoking the name of a potential defendant is not enough to state a claim.  *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  The defendant cannot be said to have notice of which claims are directed against him or her.  FED. R. CIV. P. 8(a)(2).  Accordingly, Doctor Becker will be dismissed from this case without prejudice.

Plaintiff also brings claims for money damages against individual defendants in their officials capacities.  This is the equivalent of a claim against the State of Illinois for money damages, which is barred by the Eleventh Amendment and the doctrine of sovereign immunity.

*See Wills v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, these claims are dismissed with prejudice.

## Discussion

The Court designates the following claims in this *pro se* Complaint:

Count 1:   HCU Administrator Martin and Warden Jennings denied or delayed Plaintiff adequate medical care and pain relief for a fractured jaw, ruptured cervical disc, and two broken teeth at Robinson, in violation of his rights under the Eighth Amendment.

Count 2:   Wexford's policy requiring inmates to submit sick call requests for treatment of the same issue 3 times before seeing a doctor (who was not staffed at the prison) caused the denial or delay of Plaintiff's treatment for a fractured jaw, ruptured cervical disc, and two broken teeth and unnecessarily prolonged his pain, in violation of his rights under the Eighth Amendment.

Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Count 1

The Eighth Amendment governs Plaintiff's claims of inadequate medical care at Robinson. To articulate a claim in this context, Plaintiff must plead facts that show he suffered from an "objectively, sufficiently serious" medical need, which is one that has been diagnosed by a physician as requiring treatment or where the need for treatment would be obvious to a lay person. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  He must also allege that prison officials responded to the need with deliberate indifference, which occurs when officials knowingly disregard an excessive risk to an inmate's health.  *Greeno*, 414 F.3d at 653.

Plaintiff's allegations are sufficient to state a viable claim in Count 1.  A fractured jaw, ruptured disc, and broken teeth are each serious enough to support an Eighth Amendment claim at this stage.  Martin's alleged response to Plaintiff's request for treatment (*i.e.*, telling Plaintiff to just "deal with it"), and Warden Jennings' response (*i.e.*, disregarding Plaintiff's complaints) could each amount to deliberate indifference.  Accordingly, Count 1 will proceed against both defendants, in an individual capacity.

## Count 2

Because *respondeat superior* liability is not recognized under § 1983, Wexford can only be held liable for deliberate indifference if an unconstitutional policy or practice of the private medical corporation caused the constitutional deprivation.  *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)).  Here, Plaintiff's allegations that the corporation's policy requiring an inmate to submit 3 sick calls slips for the same issue before being seen by a doctor, who is not on staff or available, allegedly caused the delay or denial of Plaintiff's medical care, support a claim against Wexford. Plaintiff may proceed on Count 2.

## Request for Injunctive Relief

In his request for relief (Doc. 1, p. 7), Plaintiff seeks "proper medical treatment" for injuries inflicted at the time of his arrest on September 15, 2023.  Plaintiff has not requested interim injunctive relief in the form of a temporary restraining order (TRO) or preliminary injunction, nor does he reference Rule 65 of the Federal Rules of Civil Procedure governing requests for such relief.  Additionally, because he provides no timeline for his claims, it is unclear when he arrived at Robinson, when he first requested treatment of his injuries, when he submitted each sick call

4

slip, and when he was seen by medical staff.  Therefore, the Court interprets his request as one for permanent injunctive relief at the close of the case.

If Plaintiff wishes to seek interim relief, he may file a "Motion for a TRO and/or Preliminary Injunction Under Rule 65" at any time during the pending action.  In the motion, Plaintiff should describe the exact relief he requires and set forth the facts that support his request for interim injunctive relief.

### Disposition

The Complaint (Doc. 1) survives § 1915A screening, as follows:

- **COUNT 1** will proceed against **PHIL MARTIN** and **CHAD JENNINGS**, in their individual capacities.

- **COUNT 2** will proceed against **WEXFORD HEALTH SOURCES, INC.**

- **CHAD JENNINGS** shall remain named as a defendant, in an official capacity, for purposes of implementing any injunctive relief ordered herein.

**ALL OTHER CLAIMS** and **DEFENDANTS**, including **DR. BECKER**, are **DISMISSED** for failure to state a claim upon which relief can be granted.  **The Clerk's Office is DIRECTED to TERMINATE DR. BECKER as a defendant in CM/ECF.**

The Clerk shall prepare for **WEXFORD HEALTH SOURCES, INC., PHIL MARTIN,** and **CHAD JENNINGS (individual and official capacities):** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal

service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**Because the claims in this case arise from the alleged denial of medical care, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

**DATED:**   September 23, 2024          <u>*s/ Staci M. Yandle*</u>
                                          **STACI M. YANDLE**
                                          **United States District Judge**

<u>**Notice to Plaintiff**</u>

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.