IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARWIN L. STOKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-cv-1242-RJD |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| *et al.* | ) |
| | ) |
| Defendants. | |

**ORDER**

**DALY, Magistrate Judge:**[1]

Plaintiff Darwin L. Stokes, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Robinson Correctional Center, brought this action on May 7, 2024, pursuant to 42 U.S.C. § 1983 for constitutional deprivations stemming from the alleged denial of medical care at Robinson. (Doc. 1; Doc. 12, p. 1). After threshold review of the Complaint under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claims:

| | |
|---|---|
| Count 1: | HCU Administrator Martin and Warden Jennings denied or delayed Plaintiff adequate medical care and pain relief for a fractured jaw, ruptured cervical disc, and two broken teeth at Robinson, in violation of his rights under the Eighth Amendment. |
| Count 2: | Wexford's policy requiring inmates to submit sick call requests for treatment of the same issue 3 times before seeing a doctor (who was not staffed at the prison) caused the denial or delay of Plaintiff's treatment for a fractured jaw, ruptured cervical disc, and two broken teeth and unnecessarily prolonged his pain, in violation of his rights under the Eighth Amendment. |

---

[1] This matter has been assigned to the undersigned to conduct all proceedings, including the trial and final entry of judgment, through the parties' consent pursuant to 28 U.S.C § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 27).

(Doc. 12, p. 5).

This matter is now before the Court on the parties' various motions. For the reasons set forth below, Plaintiff's Motions for Status (Docs. 45 & 47) are **GRANTED**. Plaintiff's Motions for Recruitment of Counsel (Docs. 44 & 46) are **DENIED**. Defendants' Motions for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Docs. 35 & 41) will be set for a hearing in a separate order.

**Plaintiff's Motions for Recruitment of Counsel (Docs. 44 & 46)**

Plaintiff filed his third and fourth motions seeking recruitment of counsel. (Docs. 44 & 46). While there is no constitutional or statutory right to counsel for a civil litigant, under Section 1915(e), a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). When presented with a request to appoint counsel, a court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff's first motion for recruitment of counsel was denied for being filed prior to a preliminary review of the Complaint under 28 U.S.C. § 1915A. (Doc. 11). Plaintiff's second motion for recruitment of counsel was denied because Plaintiff had failed to demonstrate reasonable attempts to obtain counsel on his own. (Doc. 31, pp. 5-6). Plaintiff was instructed that if he wanted to renew his motion for recruitment of counsel, he would need to submit rejection letters from at least three attorneys to demonstrate that he had made reasonable efforts to obtain

counsel on his own. (*Id.* ). In his third and fourth motions for the recruitment of counsel, Plaintiff again fails to provide any rejection letters from any attorneys or demonstrate that he was effectively precluded from obtaining counsel on his own. Rather, Plaintiff states that he is still in the process of attempting to obtain counsel on a contingent basis and that if those efforts are unsuccessful, he will provide the court with copies of the rejection letters. (Docs. 44, p. 1; Doc. 46, p. 1) However, demonstrating reasonable attempts to obtain counsel is a prerequisite to assigning counsel. Accordingly, Plaintiff's Motions for Recruitment of Counsel (Docs. 44 and 46) are **DENIED** without prejudice. Plaintiff is **REMINDED** that if he chooses to renew his request, he should submit rejection letters from at least three attorneys to demonstrate that he has made reasonable efforts to obtain counsel on his own or otherwise demonstrate that he has been effectively precluded from doing so.

**Plaintiff's Motions for Status (Docs. 45 & 47)**

Plaintiff filed two Motions for Status. (Docs. 45 & 47). In his first motion, Plaintiff asks the court to confirm receipt of an affidavit he filed along with his Motion for Recruitment of Counsel (Doc. 44). (Doc. 45). Thereafter, Plaintiff filed another motion for status, asking again for a confirmation of receipt of those documents and of his prior Motion for Status (Doc. 45). (Doc. 47). Plaintiff's Motions for Status (Docs. 45 & 47) are **GRANTED**. The Court confirms receipt of all documents referenced in Plaintiff's Motions for Status. Plaintiff is further **ADVISED** that the Court will enter a separate order setting this matter for a hearing on Defendants' Motions for Summary Judgment on the Issue of Exhaustion of Administrative Remedies. (Docs 35 & 41). The Clerk of Court is **DIRECTED** to send Plaintiff a copy of this Order.

**Defendants' Motions for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Docs 35 & 41)**

Defendants filed their respective Motions for Summary Judgment on the Issue of Exhaustion of Administrative Remedies. (Docs. 35 &41).  Therein, they represent that, as of May 7, 2024, the date this litigation began, Plaintiff had only submitted one relevant grievance for review by the Administrative Review Board ("ARB"): Grievance #K42-0224-0451E, dated February 15, 2024.  They further represent that the ARB received Plaintiff's appeal of grievance #K42-0224-0451E on April 15, 2024, and denied it on May 21, 2024, fourteen days after Plaintiff filed the Complaint.  Accordingly, they argue that Plaintiff failed to satisfy the Prison Litigation Reform Act ("PLRA")'s requirement of exhaustion of administrative remedies prior to initiating a complaint.[2]

Plaintiff filed a Notice of Exhaustion of Administrative Remedies along with an Affidavit, which the Court construes as a response to Defendants' respective motions for summary judgment. (Doc. 38).  Plaintiff represents that he filed a grievance regarding the allegations of the Complaint on February 15, 2024, which he submitted to all three levels of review in accordance with the IDOC policies.  (Doc. 38, p. 1).  Plaintiff further represents that he filed two more relevant grievances, on July 27, 2024, and on October 11, 2024, and he also submitted those grievances to the three necessary levels of review but received no relief.  (Doc. 38, pp. 2-3).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court.  "[A] prisoner who does not properly take each

---

[2] Defendants Martin and Jennings further argue that Grievance #K42-0224-0451E, dated February 15, 2024, did not satisfy the PLRA exhaustion requirement because it did not sufficiently identify them.  For the reasons set forth below, the Court will address this issue after holding an evidentiary hearing.

step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Further, while courts generally may not resolve factual disputes on a motion for summary judgment, when the motion pertains to a prisoner's exhaustion of administrative remedies, "the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust." *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Roberts v. Neal, 745 F. 3d 232,* 236 (7th Cir. 2014).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence, or problem to his or her institutional counselor unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer ("CAO") — usually the Warden — within two months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the CAO's decision in writing within 30 days to the Administrative Review Board ("ARB") for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and

recommendations to the Director, who shall review the same and make a final determination within six months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

Here, Plaintiff points to three grievances that he alleges are relevant to the Complaint. However, based on his response, only one of the three grievances was filed prior to May 7, 2024, the day this action was initiated. (Doc. 38, pp. 2-3). Accordingly, the grievances Plaintiff filed on July 27, 2024, and on October 11, 2024, could not have satisfied the PLRA exhaustion requirement. *Perez*, 182 F.3d at 535 ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.").

Turning to Grievance #K42-0224-0451E, dated February 15, 2024, while Defendants also argue that it does not satisfy the PLRA exhaustion requirement because the ARB did not issue a decision until May 21, 2024, fourteen days after Plaintiff filed the Complaint, Plaintiff's filings raise a factual dispute on that aspect. Plaintiff alleges in his sworn affidavit that he had fully exhausted his administrative remedies at the time he filed the Complaint. (Doc. 38, pp. 2-3). Further, based on Plaintiff's allegations in the Complaint, prior to initiating this action, Plaintiff filed a grievance which "was denied at all three levels, including final response from the ARB, stating that [his] medical needs had been addressed." (Doc. 1, p. 4). Because there is a factual dispute as to whether Plaintiff fully exhausted Grievance #K42-0224-0451E, dated February 15, 2024, prior to initiating this action, this matter will be set for a hearing in accordance with *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

## **Conclusion**

For the reasons set forth above, Plaintiff's Motions for Status (Docs. 45 & 47) are **GRANTED**. Plaintiff's Motions for Recruitment of Counsel (Docs. 44 & 46) are **DENIED**. Defendants' Motions for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Docs. 35 & 41) will be set for a hearing in a separate order. The Clerk is **DIRECTED** to send Plaintiff a copy of this Order.

**IT IS SO ORDERED.**

**DATED: May 19, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**