IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARWIN L. STOKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-1242-RJD |
| | ) | |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| *et al.* | ) | |
| | ) | |
| Defendants. | | |

## ORDER

**DALY, Magistrate Judge:**[1]

This matter is now before the Court on Defendants' Motions for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Docs. 35 & 41) and on Plaintiff's Motion for Recruitment of Counsel (Doc. 51). For the reasons set forth below, Defendants' motions are GRANTED and Plaintiff's motion is DENIED as moot.

## Background

Plaintiff Darwin L. Stokes, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Robinson Correctional Center, brought this action on May 7, 2024, pursuant to 42 U.S.C. § 1983 for constitutional deprivations stemming from the alleged denial of medical care at Robinson. (Doc. 1; Doc. 12, p. 1). After threshold review of the Complaint under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claims:

---

[1] This matter has been assigned to the undersigned to conduct all proceedings, including the trial and final entry of judgment, through the parties' consent pursuant to 28 U.S.C § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 27).

>    Count 1:    HCU Administrator Martin and Warden Jennings denied or delayed Plaintiff adequate medical care and pain relief for a fractured jaw, ruptured cervical disc, and two broken teeth at Robinson, in violation of his rights under the Eighth Amendment.
>
>    Count 2:    Wexford's policy requiring inmates to submit sick call requests for treatment of the same issue 3 times before seeing a doctor (who was not staffed at the prison) caused the denial or delay of Plaintiff's treatment for a fractured jaw, ruptured cervical disc, and two broken teeth and unnecessarily prolonged his pain, in violation of his rights under the Eighth Amendment.

(Doc. 12, p. 5).

Defendants filed their respective Motions for Summary Judgment on the Issue of Exhaustion of Administrative Remedies. (Docs. 35 &41). Therein, they asserted that, as of May 7, 2024, the date this litigation began, Plaintiff had only submitted one relevant grievance for review by the Administrative Review Board ("ARB"): Grievance #K42-0224-0451E, dated February 15, 2024. They represented that the ARB received Plaintiff's appeal of grievance #K42-0224-0451E on April 15, 2024, and denied it on May 21, 2024, fourteen days after Plaintiff filed the Complaint. Accordingly, they argued that Plaintiff failed to satisfy the Prison Litigation Reform Act ("PLRA")'s requirement of exhaustion of administrative remedies prior to initiating a complaint.[2]

Plaintiff filed a Notice of Exhaustion of Administrative Remedies along with an Affidavit, which the Court construes as a response to Defendants' respective motions for summary judgment. (Doc. 38). Plaintiff countered that he filed a grievance regarding the allegations of the Complaint on February 15, 2024, which he submitted to all three levels of review in accordance with the

---

[2] Defendants Martin and Jennings further argue that Grievance #K42-0224-0451E, dated February 15, 2024, did not satisfy the PLRA exhaustion requirement because it did not sufficiently identify them. For the reasons set forth below, the Court does not need to address this issue.

IDOC policies. (Doc. 38, p. 1). Plaintiff further stated that he filed two additional relevant grievances on July 27, 2024, and October 11, 2024, and submitted those grievances to the three necessary levels of review but received no relief. (Doc. 38, pp. 2-3).

*Pavey Hearing*

An evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) was held on June 5, 2025. (Doc. 53). The IDOC Defendants called as a witness the Administrative Review Board ("ARB") Chairperson, Paige Long. Long testified that she has been in this position since February 2024. (Doc. 101-3). She explained that the IDOC provides for three levels of review of an inmate's grievance, with the ultimate one being an appeal to the ARB. Long was at all relevant times the ARB chairperson assigned to review any appeals from Plaintiff at the third level of review. Long further testified that the ARB maintains the IGRV system, which reflects all records received by the ARB. Long testified that based on her review of the relevant record, the only grievance Plaintiff appealed to the ARB between September 15, 2023, and May 7, 2024, was Grievance #K42-0224-0451E, dated February 15, 2024. Long confirmed that the appeal was received by the ARB on April 15, 2024, and was denied by the ARB on May 21, 2024.

Plaintiff also testified at the hearing. He confirmed that he was aware of the IDOC grievance process, including procedures for filing an emergency grievance. He stated that he believed he had fully exhausted Grievance #K42-0224-0451E, dated February 15, 2024, prior to filing this Complaint. He did not have an independent recollection of the dates that he received the response of the Grievance Officer, he sent his appeal to the ARB, and he received a response from the latter. He did not dispute, however, the accuracy of the relevant dates reflected on the Grievance Officer's and ARB's responses. The plaintiff also testified that he filed additional

grievances after initiating this action because Defendants continued to deny him proper medical and dental care.

## Analysis

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). While courts generally may not resolve factual disputes on a motion for summary judgment, when the motion pertains to a prisoner's exhaustion of administrative remedies, "the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust." *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Roberts v. Neal, 745 F. 3d 232,* 236 (7th Cir. 2014).

*Exhaustion of Administrative Remedies*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court.  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).  "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).  Further, while courts generally may not resolve factual disputes on a motion for summary judgment, when the motion pertains to a prisoner's exhaustion of administrative remedies, "the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust." *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Roberts v. Neal, 745 F. 3d 232,* 236 (7th Cir. 2014).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence, or problem to his or her institutional counselor unless certain discrete issues are being grieved.  20 ILL. ADMIN. CODE § 504.810(a).  If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer ("CAO") — usually the Warden — within two months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e).  The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the CAO's decision in writing within 30 days to the Administrative Review Board ("ARB") for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director, who shall review the same and make a final determination within six months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Processing of an appeal to an emergency grievance shall also be expedited by the ARB. *Id.* § 504.850. Inmates may further submit certain types of grievances directly to the ARB, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

Here, Plaintiff pointed to three grievances that he alleged are relevant to the Complaint. However, only one of the three grievances was filed prior to May 7, 2024, the day this action was initiated. (Doc. 38, pp. 2-3). Accordingly, the grievances Plaintiff filed on July 27, 2024, and on October 11, 2024, could not have satisfied the PLRA exhaustion requirement. *Perez*, 182 F.3d at 535 ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.").

Turning to Grievance #K42-0224-0451E, dated February 15, 2024, Long's testimony sufficiently established that the ARB did not issue a response to Plaintiff's appeal until May 21, 2024, fourteen days after Plaintiff filed the Complaint.  (*See also* Doc. 41-4, p. 1).  Because by May 7, 2024, the day the Complaint was filed, the ARB had not issued a decision on Grievance #K42-0224-0451E,  Plaintiff did not comply with the PLRA exhaustion requirement.

Further, Plaintiff never argued that the administrative remedies were unavailable to him.  An administrative remedy will be deemed "'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting."  *Dole*, 438 F.3d at 809 (quoting *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir.2002).  Review of the record shows that both the CAO and the ARB issued their respective decisions at the second and third levels of review within the timeframes set forth in the Illinois Administrative Code.  Specifically, the CAO deemed #K42-0224-0451E, dated February 15, 2024, an emergency on February 20, 2024, within five days of its filing. (Doc. 41-4, p. 4).  On February 23, 2024, the Grievance Officer recommended that the grievance be denied because nothing in Plaintiff's record documented his alleged jaw and neck injuries at the time of his transfer to Robinson. (Doc. 41-4, p. 3).  The CAO concurred on March 15, 2024, which was well within the two-month timeframe specified in the Illinois Administrative Code.  (Doc. 41-4, p. 3).  The ARB received Plaintiff's appeal on April 15, 2024, and promptly issued a response denying the grievance on its merits on May 21, 2024, in accordance with the relevant regulations.  In sum, the grievance had been fully exhausted within three months of its filing.  Further, because the ARB denied the grievance on its merits, had Plaintiff waited two weeks to file his Complaint, he would have likely satisfied the PLRA exhaustion requirement at least as to some of the Defendants.  But

Plaintiff did not do so.  Because a "'sue first, exhaust later' approach is not acceptable, the case must be dismissed as being filed prematurely.  *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020).  The Court clarifies that the dismissal is without prejudice, and Plaintiff may file a new suit and pay a new filing fee after he has fully exhausted administrative remedies.  *Id; see also Gakuba v. Pannier*, No. 21-1961, 2022 WL 1768843, at *2 (7th Cir. June 1, 2022); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("if the prisoner does exhaust, but files suit early, then dismissal of the premature action may be followed by a new suit that unquestionably post-dates the administrative decision").

## Conclusion

For the reasons set forth above, Defendants' Motions for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Docs. 35 & 41) are **GRANTED**.  Plaintiff's Motion for Recruitment of Counsel (Doc. 51) is **DENIED as moot**.  This case is **DISMISSED without prejudice,** and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 6, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**